**UNITED STATES of America,**
**Appellant,**

**v.**

**COMMONWEALTH of Kentucky ex rel.**
**Robert D. BELL, Secretary, Department**
**for Natural Resources and Environmen-**
**tal Protection and Ike Marsee, Appel-**
**lees.**

Court of Appeals of Kentucky.

Dec. 16, 1977.

Eldon L. Webb, U. S. Atty., Robert F. Trevey, Asst. U. S. Atty., Lexington, Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett, William S. Estabrook, III, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellant.

Scott Allen Wilson, Kentucky Dept. for Environmental Protection and Natural Resources, Frankfort, Mark Anderson, Middlesboro, for appellees.

Before HAYES, HOGGE and LESTER, JJ.

HOGGE, Judge.

This is an appeal from an order determining that the appellee, Ike Marsee, had a superior right against the United States to the sum of $6,300.00 held by the Kentucky Department of Natural Resources and Environmental Protection as a cash bond for obtaining a strip mining permit, which had been deposited by Carbon Coal Company Inc., a debtor of both Marsee and the United States.

The claim of the United States against Carbon Coal grew out of unpaid taxes. The claim of Marsee against Carbon Coal grew out of a loan to that company by Marsee. There is no question that the claim of the United States predated Marsee's claim. Nor is it questioned that the United States first took action to effectuate its lien. The issue before this court is whether the United States complied with the statutory requirements as to filing of notice of its lien.

A notice of federal tax liabilities was filed on January 3, 1972, and on June 29, 1972, in Claiborne County, Tennessee. Ike Marsee did not file suit against Carbon Coal until September 28, 1972. On October 3, 1972, Marsee obtained a pre-judgment attachment against Carbon Coal and, on October 6th, served the attachment upon the Kentucky Department for Natural Resources and Environmental Protection. On December 7, 1972, Marsee obtained judgment against Carbon Coal. The United States had not attempted to file notice of its lien in any place other than Claiborne County, Tennessee, although Carbon Coal had offices and connections in three states, Kentucky, Ohio and Tennessee.

IRC § 6321 provides that a lien arises in favor of the United States upon the taxpayer's failure to pay the taxes upon demand. IRC § 6323 provides that said lien is not effective against a judgment lien creditor until notice of same is properly filed. That section further provides that the proper place for filing of notice of lien against the personal property of a corporate taxpayer is

the state where its "principal executive office" is located. Therefore, if the United States had properly filed its notice of federal tax liability at the time Marsee became a judgment creditor, the claim of the United States would be superior. However, if the notice had not been properly filed at the time Marsee become a judgment creditor, Marsee's claim would be superior.

The location of the "principal executive office" of Carbon Coal is basic to any determination of whether the United States filed its notice in the proper place. Unfortunately, the record is completely void of any evidence on this critical point. As a result, the trial court was unable to make any findings of fact respecting the location of the principal executive office of Carbon Coal.

In the absence of any evidence on this issue, any judgment of the trial court may result in a gross miscarriage of justice.

Judgment reversed and remanded for further proceedings consistent with this opinion, including the taking of additional proof if necessary.

All concur.